1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9    SHAWN L. RANDOLPH,

10                Plaintiff,

11        vs.                              No. CIV S-11-0028 GEB GGH PS

12
     FEDEX - FEDERAL EXPRESS
13   CORPORATION,
                                                   ORDER
14
                  Defendant.
15   _____/

16              Plaintiff is proceeding in this action pro se and in forma pauperis.  Previously

17   pending on this court's law and motion calendar for January 5, 2012 was defendant's motion to

18   dismiss, filed November 22, 2011.  Plaintiff did not file an opposition.  Defendant specially

19   appeared, and was represented telephonically by Elizabeth Low.  Plaintiff appeared in pro se.

20   After hearing oral argument and reviewing the parties' papers, the court now issues the following

21   order.

22   BACKGROUND

23              Plaintiff's complaint was filed in this court on January 4, 2011.  Plaintiff alleges

24   that defendant, as her former employer until she was "displaced," harassed and disciplined her

25   because of her disability.  (Compl. ¶¶ 5, 6.)  She also alleges discrimination based on race.  (Id. at

26   1, 3.)  She alleges violations of her rights pursuant to Title VII of the Civil Rights Act, the

                                          1

1   ADEA, and the ADA.  Jurisdiction is predicated on diversity.[1]

2        On March 18, 2011, the court granted plaintiff's application to proceed in forma

3   pauperis and directed her to submit forms for service to the United States Marshal.  On

4   September 30, 2011, based on the lack of filing of a proof of service, plaintiff was directed once

5   again to supply the U.S. Marshal with the proper paperwork to effect service of process.  Plaintiff

6   was cautioned that failure to comply with the order would result in a recommendation of

7   dismissal for failure to serve.  On October 13, 2011, plaintiff filed a statement indicating that she

8   had submitted the forms for service to the U.S. Marshal.  Defendant then filed the instant motion,

9   claiming that service of process was insufficient for several reasons.

10  DISCUSSION

11       Defendant's motion is based on defective service.  Defendant contends that its

12  legal department received a copy of the complaint and various other documents from its payroll

13  department, but they did not include a summons and was not directed to any officer, manager or

14  agent authorized to receive service of process on behalf of FedEx.

15       Federal law requires that a defendant corporation be served either:

16       (A) in the manner prescribed by Rule 4(e)(1) for serving an
         individual; or
17       (B) by delivering a copy of the summons and complaint to an
         officer, a managing or general agent, or any other agent authorized
18       by appointment or by law to received service of process and - if the
         agent is one authorized by statute, and the statute so requires - by
19       also mailing a copy of each to the defendant....

20  Fed. R. Civ. P. 4(h).

21       Under subdivision (e)(1), service on individuals may be effectuated pursuant to

22  the laws of the forum state.  California requires service on a person designated as agent for

23  service of process where the defendant is a corporation.  Cal. Civ. Proc. Code § 416.10.  In lieu

24  of personal delivery, Cal. Civ. Proc. Code § 415.20 permits service on a corporation by

25

26       [1] Plaintiff incorrectly states that the amount in controversy exceeds $50,000.  (Compl. ¶
         15.)  See 28 U.S.C. § 1332(a).

1  substituted service which requires leaving the summons and complaint during normal office

2  hours at the office of the defendant with a person "who is apparently in charge" and thereafter

3  mailing a copy of the summons and complaint to the defendant at that same office.  California

4  does provide for service by mail to defendants outside the state; however, the statute requires a

5  return receipt.  Cal. Civ. Proc. Code § 415.40.

6         There is no evidence of such service in this case.  Defendant indicates that service

7  on its legal department was made by Priority Overnight delivery service through FedEx, with a

8  return address listed as "FedEx U S Payroll Services."  The envelope contained a complaint and

9  other documents, but did not include a summons.  The FedEx Payroll Department was contacted

10  to gather more information about the complaint and other documents, but the contact at this

11  department had no knowledge of it.  (Gillum Decl., ¶ 5.)  The Payroll Department is so large that

12  further information could not be obtained.  (Id. at ¶ 6.)  FedEx's designated agent for service of

13  process is CT Corporation.  (Id. at ¶ 7.)  In addition to lack of service on an authorized

14  individual, defendant asserts that only one copy of the waiver form was included, there was no

15  summons, and there was no prepaid means for returning the form.  (Id. at ¶ 3.)

16         At hearing, the court suggested that defendant waive service since it now had

17  actual notice of the complaint.  Defense counsel indicated that she was not authorized to waive

18  service.  Therefore, plaintiff will be given the opportunity to correct the errors raised in the

19  motion to dismiss by submitting the proper forms for formal service.

20  CONCLUSION

21         Accordingly, IT IS ORDERED that:

22         1.  Defendants' motion to dismiss, filed November 22, 2011, (dkt. no. 14), is

23  vacated without prejudice.

24         2.  The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is

25  directed to serve within **45 days** of the date of this order, all process pursuant to Fed. R. Civ. P.

26  4, including a copy of this court's status order, without prepayment of costs.   The U.S. Marshal

1  is directed to serve defendant Federal Express Corporation's[2] agent for service of process, CT

2  Corporation, at the address provided by plaintiff, **by formal service only with no opportunity**

3  **for defendant to waive service as defendant has already declined to waive service**.

4  Defendant is advised that the U.S. Marshal may seek costs of service which will be imposed on

5  defendant.

6         3.   Plaintiff is directed to supply the U.S. Marshal, within **14 days** from the date

7  this order is filed, all information needed by the Marshal to effect service of process, and *shall*

8  *file a statement with the court that said documents have been submitted to the United States*

9  *Marshal.*  The court anticipates that, to effect service, the U.S. Marshal will require at least:

10         a.   One completed summons for defendant Federal Express Corporation;

11         b.   One completed USM-285 form for this defendant with CT Corporation

12         and its address listed as the agent for service;

13         c.   One copy of the endorsed filed complaint for this defendant, with an

14         extra copy for the U.S. Marshal;

15         d.   One copy of this court's status order for this defendant; and

16         e.   One copy of the instant order for this defendant.

17         5.   In the event the U.S. Marshal is unable, for any reason whatsoever, to

18  effectuate service on any defendant within 45 days from the date of this order, the Marshal is

19  directed to report that fact, and the reasons for it, to the undersigned.

20  /////

21  /////

22  /////

23  /////

24

25     [2]  Although a process receipt and return for the EEOC was filed on December 30, 2011, plaintiff is informed that the only defendant in this case is Federal Express Corporation.  <u>See</u>

26  Docket # 19.

1          6.  The Clerk of the Court is directed to serve a copy of this order on the U.S.

2    Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

3    DATED:   January 6, 2012

                                             /s/ Gregory G. Hollows

4                                         UNITED STATES MAGISTRATE JUDGE

5    GGH:076
    Randolph0028.12b5.wpd

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26