IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN L. RANDOLPH,

      Plaintiff,

vs.                                          No. CIV S-11-0028 GEB GGH PS

FEDEX - FEDERAL EXPRESS CORPORATION,

      Defendant.                        <u>ORDER</u>

_____/

        Plaintiff has filed a request to delay the March 22, 2012 hearing on defendant's motion to dismiss, as well as a request for appointment of counsel. She asserts that due to her mental health condition, she is incapable of traveling to and appearing at the hearing. She has attached letters from psychiatric practitioners supporting her inability to attend court proceedings.

        As the court has vacated the motion set to be heard on March 22nd, plaintiff's request is denied as moot. Nevertheless, the motion has since been re-noticed for hearing on April 26, 2012. Plaintiff is informed that she may appear telephonically at that hearing, and is directed to contact the Courtroom Deputy, Valerie Callen, to arrange her appearance by phone. She may be reached at (916) 930-4199.

        Plaintiff has also requested appointment of counsel. Requests for appointment of counsel in Title VII cases are governed by 42 U.S.C. § 2000e-5(f)(1), which provides in pertinent part:

1

Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

In assessing whether to appoint counsel pursuant to this statute, the court must consider the following criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981):  (1) plaintiff's financial resources, (2) plaintiff's efforts to date to secure counsel, and (3) plaintiff's likelihood of success on the merits.  Id. at 1318.  Appointment of counsel is not a matter of right and the district court's discretion is broad in determining whether counsel should be appointed.  Ivey v. Board of Regents, 673 F. 2d 266, 269 (9th Cir. 1982).

Application of the Bradshaw factors to this case demonstrates: (1) because plaintiff is proceeding in forma pauperis, which relates to her financial condition, this factor is a fortiori resolved in her favor; (2) plaintiff neither states nor provides evidence that she has sought and was unable to obtain counsel on her own; and (3) on the record before it, the court cannot find a likelihood of success on the merits.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to continue the March 22, 2012 hearing, filed March 20, 2012, (dkt. no. 39), is denied as moot.

2. Plaintiff may appear telephonically at the April 26, 2012 hearing on defendant's motion to dismiss.  Arrangements shall be made by contacting the undersigned's courtroom deputy.

3. Plaintiff's motion to appoint counsel, filed March 20, 2012, (dkt. # 39), is denied.

DATED: March 26, 2012

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076:Randolph0028.appt.wpd