IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN L. RANDOLPH,

      Plaintiff,

vs.

                    No. CIV S-11-0028 GEB GGH PS

FEDEX - FEDERAL EXPRESS CORPORATION,

      Defendant.                 ORDER

/

        Plaintiff has filed a second request for appointment of counsel. Requests for appointment of counsel in Title VII cases are governed by 42 U.S.C. § 2000e-5(f)(1), which provides in pertinent part:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

        In assessing whether to appoint counsel pursuant to this statute, the court must consider the following criteria set forth in <u>Bradshaw v. Zoological Society of San Diego</u>, 662 F.2d 1301 (9th Cir. 1981): (1) plaintiff's financial resources, (2) plaintiff's efforts to date to secure counsel, and (3) plaintiff's likelihood of success on the merits. <u>Id.</u> at 1318. Appointment of counsel is not a matter of right and the district court's discretion is broad in determining whether counsel should be appointed. <u>Ivey v. Board of Regents</u>, 673 F. 2d 266, 269 (9th Cir.

1

1982).

In the previous order addressing plaintiff's first request for appointment of counsel, the undersigned noted that plaintiff's in forma pauperis status was in her favor in regard to the first factor. The court also noted that plaintiff had not provided information concerning her efforts to seek counsel and that she was unable to obtain counsel on her own. The court further found that on the record before it, there was no indication of a likelihood of success on the merits.

Plaintiff's most recent request for appointment of counsel reflects her efforts to obtain counsel and her inability to do so. Her request includes at least three letters from attorneys unwilling to take her case, as well as her own tabulation of additional attorneys contacted without success. Although the court appreciates plaintiff's efforts, which work in her favor as to the second Bradshaw factor, the fact remains that the court is unable to find a likelihood of success on the merits based on the record before it, which the court has once again reviewed.

Accordingly, IT IS ORDERED that: plaintiff's motion to appoint counsel, filed May 1, 2012, (dkt. # 45), is denied.

DATED: June 13, 2012

      /s/ Gregory G. Hollows  
UNITED STATES MAGISTRATE JUDGE

GGH:076:Randolph0028.appt2.wpd