1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10    SHAWN L. RANDOLPH,

11              Plaintiff,
         vs.

12                                    No. CIV S-11-0028 GEB GGH PS

13    FEDEX - FEDERAL EXPRESS
      CORPORATION,

14

               Defendant.          FINDINGS AND RECOMMENDATIONS

15    _____/

16              On April 24, 2012, this court vacated the hearing on defendant's motion to

17    dismiss, filed March 21, 2012, due to plaintiff's failure to file an opposition and the court's

18    determination that oral argument would not be of material assistance in deciding the motion.

19    Defendant's motion was taken under submission.  Upon review of the motion and the documents

20    in support, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

21              Local Rule 230(c) provides that opposition to the granting of a motion must be

22    filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party

23    will be entitled to be heard in opposition to a motion at oral arguments if written opposition to

24    the motion has not been timely filed by that party."  Pursuant to E. D. Local Rule 230(i), failure

25    to appear at the hearing may be deemed withdrawal of the motion or opposition, and may result

26    in sanctions.  Local Rule 110 provides that failure to comply with the Local Rules "may be

grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Finally, Local Rule 183, governing persons appearing in propria persona, provides that persons representing themselves are bound by the Federal Rules and the Local Rules and failure to comply therewith may be ground for dismissal, judgment by default, or other appropriate sanction.

By order filed March 18, 2011, plaintiff was advised of the above requirements for filing opposition under the Local Rules.  In addition, before the hearing was vacated and the matter taken under submission, plaintiff was informed by order that she could appear telephonically at the April 26, 2012 hearing.  (Dkt. no. 41.)  Yet another order reminded plaintiff of the impending hearing on the motion to dismiss, prior to its being vacated.  (Dkt. no. 42.)  Pursuant to the March 18, 2011 status order and the local rules, therefore, the court deems the failure to file an opposition as a non-opposition to the pending motion.

Plaintiff has also been recalcitrant in other aspects of this case, causing unnecessary delay.  For example, on September 30, 2011, plaintiff was once again directed to supply forms for service of process to the U.S. Marshal after she had failed to supply all the necessary paperwork.  At that time, plaintiff was warned that failure to comply with the order would result in a recommendation that her case be dismissed.  (Dkt. no. 7.)  On January 6, 2012, based on defendant's motion to dismiss for defective service, plaintiff was yet again directed to submit the proper forms for service.  (Dkt. no. 24.)

Most recently, on April 30, 2012, six days after the hearing on the motion to dismiss was vacated and taken under submission for plaintiff's failure to file an opposition, plaintiff filed a letter stating that she did not receive the order vacating the hearing.  The docket indicates that plaintiff was served with the order at her current address of record.  (Dkt. no. 43.)  Plaintiff also states that she "had no knowledge that she had to give a written argument before April 26, 2012."  (Dkt. no. 44.)  Despite this belated statement, which cannot be construed as an

\\\\\

1   opposition,[1] plaintiff never filed an opposition, even an untimely one.  Her excuses do not

2   warrant an extension of time to file an opposition.  Plaintiff, although proceeding in pro se, is

3   charged with knowledge of the Local Rules.

4           "Failure to follow a district court's local rules is a proper ground for dismissal."

5   Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).[2]  The court should consider: (1) the public's

6   interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the

7   risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their

8   merits, and (5) the availability of less drastic sanctions. Similar considerations authorize

9   dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Link v. Wabash

10  R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).

11  Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction

12  of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

13  (setting forth same factors for consideration as Ghazali).

14          In recommending that this action be dismissed, the court has considered the

15  factors set forth in Ghazali.  "The first two of these factors favor the imposition of sanctions in

16

17      [1]  The second page of the letter is entitled "Law and Argument," and states in part:

18          A.  The purported Declaration of Shawn L. Randolph should be
    stricken.

19              At this point I cannot remember what lines 22-24 were in
    order to form an argument for to form an opinion, but it is the

20          second one that I really take issue with.

21  (Dkt. no. 44 at 2.)  The next paragraph argues against defendant's response to plaintiff's request
    to delay the hearing.  It contains no argument opposing the substance of defendant's motion to

22  dismiss.  This purported opposition is devoid of authority or factual analysis, as required by E.D.
    Local Rules 230(b) and 101 ("'briefs' include memoranda, points and authorities and other

23  written arguments, or compilations of authorities").  Bare contentions, unsupported by
    explanation or authority, are deemed waived.  See FDIC v. Garner, 126 F.3d 1138, 1145 (9th Cir.

24  1997) (claim waived when no case law or argument in support is presented).

25      [2]  Moreover, failure to obey court orders is a separate and distinct ground for imposing the
    sanction of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.

26  1987) (setting forth same factors for consideration as Ghazali).

1  most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are

2  prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th

3  Cir.1990).  Defendant is prejudiced by the inability to reply to opposition, and the costs and

4  effort expended in defending a case that is not being prosecuted.  This court is put in the

5  untenable position of expending limited judicial resources to decide one sided presentations on

6  the merits, yet the court should not have to become an advocate for a party.  Moreover, delay is

7  nearly always prejudicial.  The court has advised plaintiff of the requirements under the Local

8  Rules and that this action is subject to dismissal.  The public's interest in expeditious resolution

9  of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction,

10 direct that this case be dismissed.

11        Furthermore, the court has reviewed defendant's motion, and finds that it has

12 merit.

13        Accordingly, IT IS RECOMMENDED that this action be dismissed pursuant to

14 Federal Rule of Civil Procedure 41(b).

15        These findings and recommendations are submitted to the United States District

16 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

17 fourteen (14) days after being served with these findings and recommendations, any party may

18 file written objections with the court and serve a copy on all parties.  Such a document should be

19 captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the

20 objections shall be served and filed within seven (7) days after service of the objections.  The

21 parties are advised that failure to file objections within the specified time may waive the right to

22 appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 DATED: September 20, 2012

24                              /s/ Gregory G. Hollows
                        UNITED STATES MAGISTRATE JUDGE
25

26 GGH:076/Randolph0028.41.wpd

4