IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN L. RANDOLPH,

        Plaintiff,

    vs.                            No. CIV S-11-0028 GEB GGH PS

FEDEX - FEDERAL EXPRESS CORPORATION,

        Defendant.           <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        On January 24, 2013, this court vacated the hearing on defendant's motion to dismiss the first amended complaint ("FAC"), filed December 27, 2012, due to plaintiff's failure to file an opposition and the court's determination that oral argument would not be of material assistance in deciding the motion. Defendant's motion was taken under submission. Upon review of the motion and the documents in support, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Local Rule 230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Pursuant to E. D. Local Rule 230(i), failure to appear at the hearing may be deemed withdrawal of the motion or opposition, and may result

1

in sanctions. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Finally, Local Rule 183, governing persons appearing in propria persona, provides that persons representing themselves are bound by the Federal Rules and the Local Rules and failure to comply therewith may be ground for dismissal, judgment by default, or other appropriate sanction.

These rules were previously explained to plaintiff in this case which now has an extensive history of plaintiff's failure to comply with the aforementioned requirements. By order filed March 18, 2011, plaintiff was advised of the above requirements for filing an opposition to defendant's first motion to dismiss under the Local Rules. In addition, before the hearing on defendant's first motion to dismiss was vacated and the matter taken under submission, plaintiff was informed by order that she could appear telephonically at the April 26, 2012 hearing. (Dkt. no. 41.) Yet another order reminded plaintiff of the impending hearing on the motion to dismiss, prior to its being vacated. (Dkt. no. 42.) Pursuant to the March 18, 2011 status order and the local rules, the court deemed the failure to file an opposition as a non-opposition to defendant's first motion to dismiss, filed March 21, 2012. In its September 21, 2012 findings and recommendations, the court explained:

> Plaintiff has also been recalcitrant in other aspects of this case, causing unnecessary delay. For example, on September 30, 2011, plaintiff was once again directed to supply forms for service of process to the U.S. Marshal after she had failed to supply all the necessary paperwork. At that time, plaintiff was warned that failure to comply with the order would result in a recommendation that her case be dismissed. (Dkt. no. 7.) On January 6, 2012, based on defendant's motion to dismiss for defective service, plaintiff was yet again directed to submit the proper forms for service. (Dkt. no. 24.)
> Most recently, on April 30, 2012, six days after the hearing on the motion to dismiss was vacated and taken under submission for plaintiff's failure to file an opposition, plaintiff filed a letter stating that she did not receive the order vacating the hearing. The docket indicates that plaintiff was served with the order at her current address of record. (Dkt. no. 43.) Plaintiff also states that she "had no knowledge that she had to give a written argument before April 26, 2012." (Dkt. no. 44.) Despite this belated statement, which cannot be construed as an

opposition,[1] plaintiff never filed an opposition, even an untimely one. Her excuses do not warrant an extension of time to file an opposition. Plaintiff, although proceeding in pro se, is charged with knowledge of the Local Rules.

(Doc. no. 47 at 2-3.)

The court recommended that the action be dismissed for failure to follow the local rules and court orders. (Id.) After plaintiff filed objections and related filings, the district court adopted the portion of the September 21, 2012 findings which found that the motion to dismiss had merit. The district court, however, permitted plaintiff leave to file an amended complaint. Plaintiff filed the FAC on December 10, 2012, which is the subject of defendant's current motion to dismiss. That motion was set for hearing on January 31, 2013; however, on January 24, 2013, this court vacated the hearing and took the motion under submission when plaintiff did not file an opposition. (Doc. no. 60.) Accordingly, this court for the second time addresses plaintiff's failure to file an opposition.

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).[2] The court should consider: (1) the public's

---

[1] The second page of the letter is entitled "Law and Argument," and states in part:

> A. The purported Declaration of Shawn L. Randolph should be stricken.
> At this point I cannot remember what lines 22-24 were in order to form an argument for to form an opinion, but it is the second one that I really take issue with.

(Dkt. no. 44 at 2.) The next paragraph argues against defendant's response to plaintiff's request to delay the hearing. It contains no argument opposing the substance of defendant's motion to dismiss. This purported opposition is devoid of authority or factual analysis, as required by E.D. Local Rules 230(b) and 101 ("'briefs' include memoranda, points and authorities and other written arguments, or compilations of authorities"). Bare contentions, unsupported by explanation or authority, are deemed waived. See FDIC v. Garner, 126 F.3d 1138, 1145 (9th Cir. 1997) (claim waived when no case law or argument in support is presented).

[2] Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

In recommending that this action be dismissed, the court has considered the factors set forth in Ghazali. "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Defendant is prejudiced yet again by the inability to reply to opposition, and the costs and effort expended in defending a case that has not been prosecuted and has been stagnant for over two years. This court is put in the untenable position of expending limited judicial resources to decide one sided presentations on the merits, yet the court should not have to become an advocate for a party. Moreover, delay is nearly always prejudicial. The court has repeatedly advised plaintiff of the requirements under the Local Rules and that this action is subject to dismissal. Plaintiff has been given further opportunities to prosecute her action by the district court. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this case be dismissed.

Furthermore, the court has reviewed defendant's motion, and finds that it has merit.

Accordingly, IT IS RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

1    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Randolph0028.41-2.wpd