IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN L. RANDOLPH,

        Plaintiff,

   vs.                                      2:11-cv-0028 GEB GGH PS

FEDEX - FEDERAL EXPRESS CORPORATION,

        Defendant.             <u>ORDER</u>

_____/

        On April 9, 2013, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objection to the findings and recommendations were to be filed within fourteen days. Pro se Plaintiff filed an objection to which Defendant replied.

        The Magistrate Judge recommends dismissal of this case under Federal Rule of Civil Procedure ("Rule") 41(b) because of Plaintiff's violation of court rules, including the rule requiring Plaintiff to respond to the Rule 12(b)(6) dismissal motion Defendant filed on December 27, 2012. Therefore, the merits of that motion were not decided. The Magistrate Judge's recommended Rule 41(b) dismissal is not adopted; however, for the reasons stated below Defendant's dismissal motion will be granted.

1

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007). "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Somers v. Apple, Inc., 2013 WL 4712731, at *4 (9th Cir. 2013)(citation and quotes omitted).  "Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief." Id. (citation and quotes omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Plaintiff fails to plead facts from a reasonable inference could be drawn that Defendant is liable for any misconduct alleged in Plaintiff's First Amended Complaint. Therefore, Defendant's dismissal motion filed on December 27, 2012 (ECF 55 and 56) is granted. However, Plaintiff is granted leave until October 25, 2013, to file a Second-Amended Complaint addressing the deficiencies in her First Amended Complaint raised in Defendant's dismissal motion.  Further, Plaintiff is warned that this lawsuit may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to file a Second-Amended Complaint on or before October 25, 2013.

Dated: October 1, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge