
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN L. RANDOLPH,<br><br>        Plaintiff,<br><br>  v.<br><br>FEDEX-FEDERAL EXPRESS CORPORATION,<br><br>        Defendant. | No. 2:11-CV-0028-GEB-DAD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

FedEx seeks summary judgment on the sole claim in Plaintiff's Second Amended Complaint ("SAC"), in which Plaintiff alleges she was terminated because of a disability, in violation of public policy. (ECF No. 72.)

**I. LEGAL STANDARD**

A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is 'material' when . . . it could affect the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting

1

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

If the movant satisfies its "initial burden," "the nonmoving party must set forth, by affidavit or as otherwise provided in Fed. Rule Civ. Proc. ("Rule") 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting former Rule 56(e)). Summary judgment "evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." Sec. & Exch. Comm'n v. Todd, 642 F.3d 1207, 1215 (9th Cir. 2011) (citing Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001)).

Further, Local Rule 260(b) prescribes:

> Any party opposing a motion for summary judgment . . . [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

If the nonmovant does not "specifically . . . [controvert duly supported] facts identified in the [movant's] statement of undisputed facts," the nonmovant "is deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v. Banks, 548 U.S. 521, 527 (2006).

Because a district court has no independent duty "to

scour the record in search of a genuine issue of triable fact," and may "rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment,"... the district court . . . [is] under no obligation to undertake a cumbersome review of the record on the [nonmoving party's] behalf. Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996)).

## II. UNCONTROVERTED FACTS

FedEx "is an express transportation and delivery company based in Memphis, Tennessee." (Pl.'s Resp. Def.'s SUF ("SUF") ¶ 1, ECF No. 82.) "Plaintiff's employment with FedEx began on July 27, 1997" and her last position was Operations Manager at the FedEx station in Stockton, California. (Id. ¶¶ 9, 15-16.) "As an Operations Manager, Plaintiff's duties included supervising couriers, handlers, and customer service representatives and the sorting of packages that arrive from the airport . . . to be placed on courier trucks for delivery to customers." (Id. ¶ 14.)

While working as an Operations Manager, "Plaintiff was diagnosed with agoraphobia, claustrophobia, panic attacks, anxiety, depression, night terrors, paranoia, and PTSD" and requested medical leave. (SUF ¶¶ 17, 22.) FedEx's medical leave policy "provides that the maximum allowable leave of absence is 30 months . . . unless the employee is determined to be totally disabled from all occupations by the long term disability plan administrator." (Id. ¶ 27.) Plaintiff received a combination of medical absence pay, short term disability benefits and long term

disability benefits from FedEx for the thirty months, from August 2010 through February 2013. (Id. ¶¶ 18-19, 21.) "During this medical leave of absence, Plaintiff was unable to perform the essential duties of her Operations manager job . . . . with or without an accommodation." (SUF ¶¶ 23, 25.) As a result, she "was not able to return to work." (SUF ¶ 44.) However, "FedEx's Long Term Disability Plan Administrator determined effective December 1, 2012 that Plaintiff was not totally disabled from all occupations." (Id. ¶ 39.) FedEx sent Plaintiff a letter dated February 11, 2013 "notifying her of the termination of her employment." (Id. ¶ 42.) "Plaintiff is currently still suffering" from her disability and "is currently unable to perform any job at FedEx." (Id. ¶¶ 54-55.)

### III. DISCUSSION

FedEx argues "Plaintiff admits that, during her medical leave of absence from August 2010 to February 11, 2013, she was unable to perform the essential duties of her Operations Manager job with or without an accommodation" and therefore public policy did "not prohibit[] [FedEx] from" terminating her employment. (Mem. P&A ISO Def.'s Mot. Summ. J. ("Mot.") 11:17-22, ECF No. 78-2.)

Plaintiff does not dispute that she lacks the ability to perform the essential duties of an Operations Manager and instead argues there is an issue of "material fact [regarding]... whether Plaintiff qualified for total disability in February 2013." (Pl.'s Mem. P&A Opp'n Def.'s Mot. Summ. J. 4:23-24, ECF No. 81.) However, she cites to no specific facts showing she qualified for total disability in February 2013.

4

> Under California common law. . . there can be no right to terminate [an employee] for an unlawful reason or a purpose that contravenes "fundamental public policy." Nevertheless, "[t]his public policy exception to the at-will employment rule must be based on policies carefully tethered to fundamental policies that are delineated in constitutional or statutory provisions."

Dep't of Fair Emp't and Hous. v. Lucent Technologies, Inc., 642 F.3d 728, 748-49 (9th Cir. 2011) (citing Silo v. CHW Med. Found., 27 Cal. 4th 1097 (2002)). Plaintiff alleges in her SAC that California "has a 'fundamental' policy against disability discrimination in employment," which is delineated in the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940. (SAC ¶¶ 27, 29, ECF No. 71.)

> [B]y its terms, section 12940 makes it clear that drawing distinctions on the basis of physical or mental disability is not forbidden discrimination in itself. Rather, drawing these distinctions is prohibited only if the adverse employment action occurs because of a disability and the disability would not prevent the employee from performing the essential duties of the job, at least not with reasonable accommodation. Therefore, in order to establish that a defendant employer has discriminated on the basis of disability in violation of FEHA, the plaintiff employee bears the burden of proving he or she was able to do the job, with or without reasonable accommodation.

Green v. State, 42 Cal. 4th 254, 262 (2007).

It is uncontroverted that during her medical leave of absence, "Plaintiff was unable to perform the essential duties of her Operations Manager job" and there "was no accommodation that would have enabled Plaintiff to perform the essential duties of her Operations Manager job." (SUF ¶¶ 23-24.) Further, it is uncontroverted that "Plaintiff is currently still suffering" from

5

her disability, "is currently unable to perform any job at FedEx," and that "FedEx. . . determined . . . Plaintiff was not totally disabled from all occupations." (SUF ¶¶ 54-55, 39.) Since the undisputed facts evince that Plaintiff was not totally disabled from all occupations, FedEx's summary judgment motion is granted.

## IV. CONCLUSION

For the above stated reasons, FedEx's motion for summary judgment is GRANTED, judgment shall be entered in favor of Defendant and this action shall be closed.

Dated:   January 27, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge